FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 22, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAMMIE P.,<br>           Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>           Defendant. | No. 4:18-cv-05070-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 17, 21 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 17, 21. The parties consented to proceed before a magistrate judge. ECF No. 4. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's Motion, ECF No. 17, and denies Defendant's Motion, ECF No. 21.

ORDER - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

ORDER - 2

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

ORDER - 4

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the

ORDER - 5

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On April 16, 2014, Plaintiff protectively filed applications for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging an onset date of March 15, 2009. Tr. 198-210. The applications were denied initially, Tr. 131-46, and on reconsideration, Tr. 150-53. Plaintiff appeared at a hearing before an administrative law judge on December 13, 2016. Tr. 38-86. On February 13, 2017, the ALJ denied Plaintiff's claims. Tr. 14-37.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 5, 2010. Tr. 19. At step two, the ALJ found Plaintiff had the following severe impairments: left knee degenerative joint disease, lumbar

ORDER - 6

and cervical degenerative disc disease, headaches, carpal tunnel syndrome, and migraines. Tr. 20. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 24. The ALJ then concluded that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] can use the upper extremities to occasionally reach, handle, finger; sit for four hours in an eight-hour workday; stand or walk for four hours in an eight-hour workday, while briefly alternating between sitting and standing; occasionally stoop, squat, crouch, crawl, and kneel; occasionally climb stairs or ramps; and cannot climb ladders, ropes, or scaffolds. [Plaintiff] is capable of engaging in unskilled, routine tasks in two-hour increments, and would be off task at work for up to 10% of the time while still meeting the minimum production requirements of the job, and would have unscheduled absences from work up to six times per year, or scheduled absences of up to 12 times per year.

Tr. 24.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 30. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as furniture rental consultant. Tr. 31. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from May 5, 2010 through February 13, 2017, the date of the ALJ's decision. Tr. 31.

ORDER - 7

On February 22, 2018, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 17. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence;
2. Whether the ALJ properly weighed Plaintiff's symptom claims;
3. Whether the ALJ properly identified Plaintiff's severe impairments at step two;
4. Whether the ALJ properly considered the listing at step three; and
5. Whether the ALJ properly concluded at step five that Plaintiff was capable of performing other work in the national economy.

ECF No. 17 at 5-6.

**DISCUSSION**

**A. Medical Opinion Evidence**

Plaintiff challenges the ALJ's consideration of the medical opinions of Ronal Page, Ph.D., and John Fackenthall, D.O. ECF No. 17 at 9-10.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported

ORDER - 9

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).

*1. Dr. Page*

Dr. Page examined Plaintiff on July 8, 2014 and diagnosed Plaintiff with somatoform pain disorder and personality disorder NOS with hysterical features; opined that Plaintiff did not have disabling anxiety, depression, or PTSD; and opined that were Plaintiff to attempt employment, she would be impaired by recurrent illnesses and associated absenteeism and that employers would see her as a "liability" due to "her tendency to report pain or medical symptomatology in association with demand or stress." Tr. 834-39. Although the ALJ discussed Dr. Page's examination findings and GAF score, the ALJ failed to discuss Dr. Page's opinion or assign a level of weight to it, Tr. Tr. 23-24, 28-29. The ALJ must evaluate every medical opinion received according to a list of factors set forth by the Social Security Administration. 20 C.F.R. §§ 404.1527(c), 416.927(c) (2012). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). In failing to discuss Dr. Page's opinion, and not just the examination findings, the ALJ erred.

The Commissioner asserts this error is harmless. ECF No. 21 at 14-16. The harmless error analysis may be applied where even a treating source's opinion is disregarded without comment. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). An error is not harmless unless the reviewing court "can confidently conclude that no ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, Dr. Page was the only source in the record to opine Plaintiff had functional limitations as a result of somatoform disorder, and he opined that Plaintiff's impairments would cause absenteeism and cause employers to "find her to be a potential liability, as they come to recognize her tendency to report pain or medical symptomatology in association with demand or stress." Tr. 838. The ALJ did not discuss this opined limitation or incorporate it into the RFC.[1] Tr. 24-29. Because no such limitation was clearly incorporated into the

---

[1] The Court notes that although the ALJ incorporated an absenteeism limitation into the RFC by limiting Plaintiff to work with unscheduled absences up to six times per year or scheduled absences up to twelve times per year, the Court cannot discern from the record how the ALJ translated the medical evidence into this specific number of scheduled or unscheduled absences. Tr. 24. Indeed, it is not clear whether this functional limitation is meant to address Dr. Page's opinion, as

ORDER - 11

RFC, the Court cannot confidently conclude that the disability determination would remain the same were the ALJ to fully credit Dr. Page's opinion.

The Commissioner urges the Court to infer from the ALJ's treatment of other evidence in the record that the ALJ would have rejected Dr. Page's opinion had it been specifically considered. ECF No. 21 at 15-16. However, the Court cannot affirm the ALJ's decision based on findings not made by the ALJ. *See Stout*, 454 F.3d at 1054. The ALJ's error was not harmless. On remand, the ALJ is instructed to specifically weigh Dr. Page's opinion, take testimony from a medical expert, reconsider the medical evidence in light of the ALJ's evaluation of Dr. Page's opinion, and, if necessary, resolve conflicts in the medical evidence.

*2. Other Challenges*

Plaintiff raises several other challenges to the ALJ's evaluation of the medical opinion evidence, Plaintiff's symptom testimony, and other findings in the sequential evaluation process. ECF No. 17 at 10-20. However, the ALJ's findings at other steps in the sequential evaluation inherently depend on the ALJ's findings regarding the medical evidence. Because this case is remanded for the ALJ to reconsider medical opinion evidence, the Court declines to address Plaintiff's other

---

Dr. Fackenthall also opined Plaintiff's physical impairments would cause Plaintiff to need to seek recurring medical treatment. Tr. 830.

ORDER - 12

challenges here. The ALJ is instructed to conduct a new sequential analysis on remand, including reconsidering step two, step three, and Plaintiff's symptom testimony in light of the new analysis of the medical evidence.

**B. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 17 at 19-20.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed

ORDER - 13

to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, further proceedings are necessary. As discussed *supra*, the ALJ erred by failing to evaluate Dr. Page's opinion regarding functional limitations from somatoform disorder. However, Dr. Page's opinion was contradicted by Dr. Donahue and Dr. Fitterer, who both opined Plaintiff did not have a severe mental impairment. Tr. 93-94, 113-14. The ALJ gave Dr. Donahue's and Dr. Fitterer's opinions great weight. Tr. 29. Even if the ALJ were to have fully credited Dr. Page's opinion, the evidence would present an outstanding conflict for the ALJ to resolve. Therefore, further proceedings are necessary for the ALJ to resolve potential conflicts in the evidence.

ORDER - 14

# CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 21, is **DENIED**.

3. The Court enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED March 22, 2019.

<i>s/Mary K. Dimke</i><br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE